UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL A. WINCHCOMBE,<br><br>       Plaintiff,<br><br>    -against-<br><br>C.O. DUANE WHITAKER; C.O. MELINA; C.E.R.T.<br>ON VIDEO IN MEDICAL OFFICE;<br>SUPERINTENDENT THERESA LEE; LT. CAROL;<br>LT MICHELS; DUTCHESS COUNTY JAIL;<br>INMATE ERIC JOHNSON; PRIME CARE<br>MEDICAL; PRIME CARE MEDICAL<br>CORPORATE; NURSE JANE DOE; NURSE JANE<br>DOE SUPERVISOR,<br><br>       Defendants. | 26-CV-00145 (PMH)<br><br>ORDER OF SERVICE |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Marcy Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging claims arising during his pretrial detention in the Dutchess County Jail.[1] By order dated February 27, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ.

---

[1] This facility is now referred to as the Dutchess County Justice and Transition Center.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Federal Rule of Civil Procedure 21

#### 1.    Claims against the Dutchess County Jail

An action may be maintained under 42 U.S.C. § 1983 against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The Dutchess County Jail is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't S. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against the Dutchess County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and likely intention to assert claims against Dutchess County, the Court construes the complaint as asserting claims against Dutchess County, and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to replace Dutchess County Jail with Dutchess County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Dutchess County may wish to assert.

### 2.   Claims against C.O. Muller and C.O. Blackburn

In the complaint, Plaintiff alleges that C.O. Muller and C.O. Michael Blackburn violated his constitutional rights (ECF 1 at 8-9), but he does not list them as defendants in the caption of the complaint. The Clerk of Court is therefore directed, under Fed. R. Civ. P. 21, to amend the caption of this action to add C.O. Muller and C.O. Blackburn as defendants. This amendment is without prejudice to any defenses that C.O. Muller or C.O. Blackburn may wish to assert.

### B.   Service on Identified Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service for assistance with effecting service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit Dutchess County to identify the "C.E.R.T. Doe," who was allegedly involved in November 29, 2023 assault on Plaintiff, and PrimeCare Jane Doe Nurse and Jane Doe Nurse Supervisor who worked in the Dutchess County Jail in November and December 2023. It is therefore ordered that the County Attorney of Dutchess County, who is the attorney for and agent of the Dutchess County Jail, must ascertain the identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The County Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service

**D.    Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

### CONCLUSION

The Court dismisses Plaintiff's claims against the Dutchess County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add as Defendants, under Fed. R. Civ. P. 21, Dutchess County, C.O. Muller, and C.O. Michael Blackburn.

The Clerk of Court is further instructed to: (1) issue summonses for Superintendent Theresa Lee, C.O. Duane Whitaker, C.O. Melina, C.O. Muller, C.O. Michael Blackburn, Lt. Carol, Lt. Michels, and Eric Johnson; complete the USM-285 form with the address for Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail an information package to Plaintiff; and (3) mail a copy of this order and the complaint to the Dutchess County Attorney at: Office of the Dutchess County Attorney, 22 Market Street, Poughkeepsie, NY 12601.

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:    March 3, 2026
          White Plains, New York

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  Superintendent Theresa Lee
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

2.  C.O. Duane Whitaker
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

3.  C.O. Melina
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

4.  C.O. Muller
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

5.  Lt. Carol
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

6.  Lt. Michels
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

7.  Eric Johnson
    Dutchess County Jail
    P.O. Box 1389
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

8.  PrimeCare Medical
    Dutchess County Jail
    150 North Hamilton Street
    Poughkeepsie, N.Y. 12601

9.  Dutchess County
    Office of the Dutchess County Attorney
    22 Market Street
    Poughkeepsie, NY 12601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes      □ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____

              ID#_____

              Current Institution_____

              Address_____

              _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____

                  Where Currently Employed _____

                  Address _____

                  _____

*Rev. 01/2010*                          1

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.    Statement of Claim:**

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

**What happened to you?**

_____

_____

_____

*Rev. 01/2010*                                2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

_____

2.    What was the result, if any?

_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                              5

_____

_____

_____

**VI.    Previous lawsuits:**

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number    _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit    _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number    _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit    _____

*Rev. 01/2010*                     6

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number       _____

Institution Address    _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

*Rev. 01/2010*                           7