UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL A. WINCHCOMBE,<br>Plaintiff,<br>-against-<br>C.O. DUANE WHITAKER, et al.,<br>Defendants. | **ORDER OF SERVICE**<br>26-CV-00145 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Franklin Correctional Facility, proceeds in this matter *pro se* and *in forma pauperis.* He filed this complaint pursuant to 42 U.S.C. § 1983, arising from events alleged to have occurred during his pretrial detention in the Dutchess County Jail.

By order dated March 4, 2026, the Court ordered service on the named Defendants, including PrimeCare Medical, the medical provider for Dutchess County Jail. That order directed Dutchess County, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to provide names and service addresses for the following Doe Defendants: (1) PrimeCare Jane Doe nurse; (2) PrimeCare Jane Doe nurse supervisor; and (3) "C.E.R.T. Doe" officers who allegedly assaulted Plaintiff on November 29, 2023. (Doc. 9). PrimeCare accepted service on March 5, 2026, and counsel for PrimeCare appeared on March 25, 2026. (Docs. 33, 49).

By letter dated August 17, 2026, Dutchess County provided the names and service addresses of four C.E.R.T. Team Members: (1) Eric Vincent; (2) David Rodrigues; (3) Michael Hernandez; and (4) Jonathan Steele. (Doc. 66). The County also provided the names of the following PrimeCare employees who were allegedly present during the incidents: (1) RN Jacki Turner; (2) RN Sheryl Meneses; (3) RN Linda Walker; and (4) RN Dian MacDonald. (*Id.*). The

Court directed PrimeCare to provide addresses where each of the four PrimeCare employees may be served by order dated August 18, 2026. (Doc. 68).

PrimeCare provided the last known addresses of RN Sheryl Meneses, RN Linda Walker, and RN Diane MacDonald by letter dated September 18, 2026. (Doc. 75). PrimeCare also advised the Court that it has no record of an employee named "Jacki Turner." (*Id.*).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service for assistance with effecting service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Meneses, Walker, and MacDonald. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

Accordingly, the Clerk of Court is instructed to issue summonses for RN Sheryl Meneses, RN Linda Walker, and RN Dian MacDonald; complete the USM-285 forms with the addresses for these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Rule 33.2 applies to this case.

**SO ORDERED**

Dated: September 22, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sheryl Meneses
   PO Box 296
   Poughquag, NY 12570

2. Linda Walker
   605 N Elting Corners Road
   Highland, NY 12528

3. Diane MacDonald
   11 Eisenhower Court
   Hopewell Junction, NY 12533